[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 378 
The single question presented is, whether the title to the lands devised to the issue of Mrs. Murray vested in her son Charles James, the respondent, or whether it descended to the heirs of the testator, there being no residuary devisees.
The 4th section of the act "Of Wills and Testaments" provides, that "every devise of any interest in real property to a person who, at the time of the death of the testator, shall be an alien not authorized by statute to hold real estate, shall be void. The interest so devised shall descend to the *Page 379 
heirs of the testator; if there be no such heirs competent to take, it shall pass, under his will, to the residuary devisees therein named, if any there be competent to take such interest." (2 R.S., 57, § 4.) As Mrs. Murray was unmarried at the death of the testator, her son was not at that time an alien, and of course not within the terms of the act nor within its spirit, if its object, as the revisers intimate, was to discourage devises to aliens, by a knowledge upon the part of the devisor that they would be ineffectual. Whatever might be the purpose of the legislature, they have not said that the devise in this case shall be void; and as the testator intended the gift for the issue of his daughter, his heirs have no claim to an enlarged or equitable construction of the statute in their favor as against the state.
According to the common law this devisee could take, although he could not hold the lands against the paramount right of the people. (Coke Litt., 2; Comyn's Dig. Alien; Bacon's Ab.Aliens.) Here the state, in April, 1852, released and conveyed its right accruing by escheat, to the devisee, who thereby acquired a perfect title.
The judgment of the supreme court should be affirmed.