VAN COURTLAND *v.* NEVERT *et al.*

McGILLIS *et al. v.* VAN COURTLAND *et al.*

*(Supreme Court, General Term, Third Department.   July 7, 1890.)*

WILLS—RIGHTS OF DEVISEES—ALIENS.

Testator died unmarried in 1848, leaving three sisters and their children his heirs at law, and a will whereby he devised certain real estate to E. for life, and after her death to J. for life, and after his death to the lawful issue of E. then living, in the same proportion as they would inherit from her under the laws of New York, if she and they were citizens of that state.  E. was a citizen of New York, but in 1820 had married J., a British subject, and all their children were born in Canada. In a suit to construe the will, to which E. and J. and their children then born were parties, it was held that the children of J. and E., being aliens at C.'s death, could not take the remainder, which vested in the heirs at law.  Upon the strength of this decree some of the heirs at law brought an action of partition against E. and the other heirs, but none of E.'s children were made parties.  The commissioners' report was confirmed, but no decree entered.  In May, 1887, the state, by Laws N. Y. 1887, c. 310, released its interest in the property devised in favor of E.'s children. In June, 1887, the four children of E. born before testator's death quitclaimed their interest in the property to her four children born after that event.  In 1888, upon proof that no final decree had been entered in the partition suit, E. and her children born after testator's death were allowed to bring a cross-action against all the parties to the partition suit to determine whether the remainder in the property passed as decided in the construction suit, and a decree was subsequently entered adjudging that the remainder belonged to the issue of E. born subsequent to C.'s death.  *Held*, no error, the decree in the construction suit having no application to the subsequent born children, whose rights were to be determined under the will and the law as it stood when they appeared as claimants.

Appeal from special term, Albany county.

Action by Catharine E. Van Courtland, as sole surviving plaintiff, against Harriet C. Nevert and others, and by Edwin McGillis and others against Catharine E. Van Courtland and others.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Hale, Cowen & Bulkley,* (*Matthew Hale,* of counsel,) for appellants. *Bartlett, Wilson & Hayden,* (*Marcus T. Hun,* of counsel,) for respondents.

MAYHAM, J.  This is an appeal from a judgment of actual partition, and a judgment in a cross-action adjudging and determining who is entitled to the interest of Eliza McGillis, a life-tenant, after her death, and the death of her husband, John McGillis.  The questions arise out of the provisions of the will of William Caldwell, late of Albany, deceased, upon facts agreed upon by the parties.  William Caldwell, a citizen of the United States, residing at Albany, N. Y., made his will and codicil, dated, respectively, March 29 and December 29, 1841, which were admitted to probate as a will of real and personal estate in August, 1884.  The will named four executors, none of whom qualified but Theodrick Romeyn Beck.  The testator was a bachelor, and his heirs at law were his three sisters, Jane, Harriet, and Ann Maria, and their three children.  Jane married Stephen Sewell, of Montreal, Can., and their children were aliens.  But in 1830 the legislature of New York passed an act removing their disability to inherit as aliens, and conferring upon them the capacity to inherit William Caldwell's property.  Harriet married Theodrick Romeyn Beck, of the city of Albany, and Ann Maria married James Low, also of Albany.  All of the sisters above named died before the testator, each leaving children surviving.  The testator by his will devised to Eliza McGillis certain real estate for life, and after her death to John McGillis for life, and after his death, or the death of both the life-tenants, the remainder in fee-simple to the lawful issue of Eliza McGillis, then living, in the same proportion as they would inherit from her under the laws of New York, if she were an inhabitant, if she and they were native-born citizens of that state, and she had died intestate, lawfully seised of such property in fee-simple.  Eliza McGillis was a native-born citizen of New York, but on the

24th of September, 1820, was married in Canada to John McGillis, who was a native-born subject of Great Britain, and all of the children born of such marriage were born in Canada. Shortly after William Caldwell's death, and the probate of his will, a suit was brought by the only acting executor to obtain a construction of the will. All of the testator's heirs, and Mrs. McGillis and her husband, and all of her children then living, were made parties to that action. On the trial at special term, HARRIS, J., held that Mrs. McGillis had not forfeited her citizenship by marrying an alien and residing abroad, but that her children could not take the remainder devised to them, because they being aliens at the time of the testator's death, the devise to them was void, and that the remainder devised to them vested in the heirs at law of the testator, on his death, each of the three sisters, if they had survived the testator, would have taken one-third, and the children of the deceased sister one-third of such remainder, *per stirpes.* Upon the authority of this decree some of the heirs at law of the testator brought an action against Mrs. McGillis as devisee, and the other heirs at law of the testator, for the partition of the real estate devised to Mrs. McGillis for life, but none of her children were made parties to that action. By the commissioners' report the life-estate devised to Mrs. McGillis was set apart to her, and the remainder was, by the interlocutory judgment, partitioned between the heirs at law of the testator, and the report of the commissioners was confirmed by the order of the court. But no final judgment or decree was ever entered on that report. Four of the children of Eliza McGillis were born before the death of the testator, and four others were born after his death. The four children born prior to the testator's death, by deed dated June 20, 1887, conveyed to the four children born after his death all the right, title, and interest which they then had, or might thereafter acquire, in the lands devised to them, in and by the will of William Caldwell, deceased. The said after-born children and grantees in that conveyance bring this cross-action. On the 12th of May, 1887, by chapter 310, Laws 1887, it was enacted as follows: "All the estate, right, title, and interest which the people of the state of New York now have, or may hereafter acquire, in and to the lands devised by William Caldwell, of the city of Albany, * * * to his daughter Eliza McGillis for life, and then to her husband, John McGillis, for life, should he survive her, and from and after their decease to the lawful issue of the said Eliza McGillis then surviving, by reason of the alienation of such issue, is hereby granted, released, conveyed, and quitclaimed to the said lawful issue of the said Eliza McGillis, now or hereafter born, and their heirs and assigns forever; and they are hereby authorized to take, hold, sell, and convey said lands and premises, or any interest they or either of them may have, in the same manner and with same effect as if they were citizens of the United States at the time of the death of William Caldwell. Nothing herein contained shall be held or construed to affect the right, title, interest, claim, or demand of any heir at law, devisee, grantee, or vendee." On the 9th of March, 1888, on the petition of Mrs. McGillis and her children born after the death of the testator, and other proof, from which it appeared that no final decree had been made in the action for partition, an order was made, under section 760 of the Code of Civil Procedure, allowing the after-born children to commence a cross-action against all the other parties plaintiff and defendant to said partition suit, limiting the questions triable in the cross-action to the question whether the remainder in the property devised and partitioned to McGillis (Mrs.) for life passed as decided in the construction suit, and followed by the report of the commissioners in the partition action to William Caldwell's heirs, or to the lawful issue of Eliza McGillis, for whom the plaintiff in the cross-action prosecute as a class, as well as for themselves. The learned judge at the trial directed that the interlocutory order or judgment in the partition action, and the report of the commissioners, and order confirming the same, be so modified that it be

ordered, adjudged, and decreed remainder in fee belonging to the lawful issue of Eliza McGillis, who were born subsequent to the death of William Caldwell, the testator, and not to his heirs, and allotting the same to her lawful issue, her surviving, and their assigns, as provided in the will and codicil, in fee. Judgment was entered accordingly, and appellants appeal.

It is insisted on the part of the appellants that the judgment in the action of *Beck* v. *McGillis*, reported in 9 Barb. 35, construing the will of William Caldwell, is conclusive upon all the parties to that action, and vested the title to the remainder of the lands devised to Mrs. McGillis after her death absolutely in the heirs at law of the testator, and that that vested estate thus fixed by the decree of a court of competent jurisdiction cannot in another action be divested, or the regularity or validity of that decree attacked collaterally in this action. The language of that decree is as follows: "It is now adjudged and decreed, and this court, by virtue of the power and authority in it vested, doth adjudge and decree, that the devises and bequests contained in the first clause of the last will and testament of William Caldwell, late of the city of Albany, deceased, dated the 29th day of March, 1841, and the codicil thereto, dated December 29th, in the same year, [which said will and codicil are set out at length in the complaint herein,] in favor of his daughter, the defendant, Eliza, wife of John McGillis, and whereby an estate for life is given and bequeathed to the said Eliza McGillis in certain real and personal estate therein mentioned, are valid; and that the provisions in said will and codicil in favor of the said John McGillis, the husband of the said Eliza, and of the said Mrs. Charlotte McGillis, Elizabeth McGillis, and Reginald McGillis, infant children of the said Eliza McGillis, so far as they relate to the personal estate thereby bequeathed to them after the death of the said Eliza McGillis, are valid; and, so far as they relate to the real estate thereby attempted to be devised to them, the same are void by reason of the alienage of the said John McGillis, and the said infant children, and of no effect or validity whatever; and that the said real estate in which an estate for life is devised by the said will and testament, and the codicil thereto, to the said Eliza McGillis, vested in the heirs at law of the said William Caldwell, deceased, on his death, subject only to the life-estate of the said Eliza therein; and the defendants Catharine Eliza, wife of Peter Van Cortland, Helen Louisa, wife of William Parmelee, being each entitled to an undivided one-sixth part thereof; the defendant James Caldwell Low, to the undivided one-third part thereof; the plaintiff Edward Quinsey Sewell, and the defendants Charlotte, wife of John Humford, Mary, wife of Charles Jones, Augusta, wife of Philip Duenford, Jane Ann Jameson, and Stephen Charles Sewell, each to an undivided one-sixth part of the remaining one-third part thereof, subject to the life-estate of the said Eliza McGillis therein, as aforesaid." It will be seen from the decree above quoted that Judge HARRIS, the learned justice who was called upon, in an action brought for that purpose, to give a judicial construction to this will, not only declared the invalidity of the provisions thereof so far as it assumed to devise the remainder in fee of the real estate in controversy in this action, but in the same decision and decree settled (if a decree in that action could settle) the ultimate right of the parties to the remainder in said lands, as to which, by his decision, the testator died intestate, by reason of the alienage of the devisees of such remainder. The doctrine is quite elementary that the judgment of a court of competent jurisdiction is conclusive between the parties to it, who had their day in court; and, as to them, it cannot be attacked collaterally in another action as to matters in issue, or properly tried in the former action. And even where some doubt may exist as to the right to maintain an action in a given case, yet, when a judgment has been rendered in a court having general jurisdiction of the subject-matter and the parties, they are concluded by the decree pronounced and unreversed upon the issue to which they were parties in the action. *Blakely* v. *Calder*, 15 N. Y. 617.

Nor can the right of an executor to come into a court of equity and ask for and receive a judicial construction of a doubtful or obscure provision of a will be questioned, (*Bailey* v. *Briggs*, 56 N. Y. 407,) especially where the answer to the inquiry propounded involves the correct administration of the powers in the will, or the construction of a doubtful and disputed clause in it. But whether in an action for the construction of a will the court, after declaring one of its provisions void, and in effect that the deceased died intestate as to the property intended to be devised by the void provisions, can follow the property so left out, and dispose of the same between the heirs at law, is a question admitting of more doubt. There are *no allegations in the complaint* in the action for judicial construction of this will, setting up the respective rights or interests of the heirs at law of William Caldwell, and asking any adjudication of their rights as between themselves in that action, and, while it is obvious that on the failure of the testator, by his will, to dispose of all of his property, the part so undisposed of would fall back into his estate, and descend to his heirs at law, that result would follow, not by virtue of the decree of the court, but rather by operation of the laws of descent. The estate of the heirs at law of the testator to this remainder was, therefore, if it existed at all, created by the death of the testator intestate as to his remainder in fee. 1 Rev. St. p. 726, § 41. But, if it be conceded that this decree was effectual and binding as between the parties to it, still it is admitted by the appellants that as to after-born children, not parties to that action, it is wholly inoperative. *Monarque* v. *Monarque*, 80 N. Y. 321. But it is insisted by the appellants that at the death of the testator, the remainder-men named in the will not being eligible to take under the devise, the fee of the real estate, devised to Eliza for life, became a vested remainder in the heirs at law of the testator, subject to be defeated only by the death of the remainder-men, or by death without issue, before the termination of the life-estate. In *Moore* v. *Littel*, 41 N. Y. 66, relied upon by the appellants in support of this contention, it was held that under the Revised Statutes a grant to "A. for life, and after his death to his heirs and their assigns forever," gives to the children of the latter a vested interest in the land, although liable to open and let in after-born children of A. In *Van Axte* v. *Fisher*, 117 N. Y. 401, 22 N. E. Rep. 943, also referred to by appellant upon this point, where a testator devised his residuary estate to his executor, with power to sell and invest the proceeds, and apply the income to D. during his life, and after D.'s death gave the balance to J., who died before D., it was held that J. took, upon the death of the testator, a vested remainder, and his interest on the expiration of the trust descended to his heirs. In *Shipman* v. *Rollins*, 98 N. Y. 311, where the testator's will provided for the sale of enough of his real estate and investment of the proceeds to furnish an income to be applied to the support of his wife during her life, and after her death to sell the balance of his real estate, add the proceeds to the sums already invested, and, after paying certain specified sums, to divide the balance between certain religious societies not then incorporated, it was held that the legacies so given did not vest until after the death of his widow; but I think this case is distinguishable from the ones above cited, and that the rule is as stated in *Moore* v. *Littel*, *supra:* "If there 'is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the present estate, then that remainder is vested.'"

But it must be conceded in this case that, as to after-born children of Mrs. McGillis, the decision in the action for the construction of the will can have no application. Their rights must be determined under the will and the law as it is found when they appear upon the scene claiming under the will. If, by the will, they are then the objects of the testator's bounty, their rights must be protected and enforced by the court. Let us assume, for the purpose of testing the rights of these after-born children, that at the time of the tes-

tator's death, Mrs. McGillis had no children, and that she and her husband were both citizens of the United States, and that the will gave her a life-estate, and, after her death, devised the remainder to her children, her surviving, is there any doubt but that her after-born children, living at the time of her death, would take the remainder devised to them? And yet a technical vested estate in remainder would have devolved upon the heirs at law of the testator the same as in this case; but it would be subject to be defeated by the happening, during the life of the life-tenant, of an event which would furnish one competent to take under the provisions of the will. It is conceded by the appellant that after-born children may take under this will, if competent to take and hold lands by devise under the law. If, therefore, after-born children can take in the case supposed, what can prevent them from taking in the case at bar, if all their disabilities under the statute relating to aliens have been removed? The testator in this case, as in all cases, had a right to dispose of his property by will, in any manner that was agreeable to himself, so long as he violated no law of the country. It was competent for him to provide in it that the children of Mrs. McGillis living at the time of her death should take his property, and any child, and the descendants, if any living at that time, and competent to take real estate by devise, could take under that provision. And this brings us to the question, are the plaintiffs and other after-born children of Mrs. McGillis competent to take and hold real estate by devise? The statute seems to apply only to persons who are aliens at the time of the death of the testator. The disability is created purely by statute, and should not be extended so as to defeat the will and wishes of the testator to carry out the provisions of the statute. The language of the statute is, (2 Rev. St. p. 57, § 4:) "Every devise of any interest in real property to a person who, at the time of the death of the testator, shall be an alien not authorized to hold real estate, shall be void; the interest so devised * * * shall pass to the heirs, or, failing in heirs, pass into his residuary estate." In *Wadsworth* v. *Wadsworth*, 12 N. Y. 376, this section of the statute was construed, and the court held that at common law an alien could take real estate by devise, but cannot hold it as against the state; that the disability created by the statute above quoted did not apply to alien devisees born after the death of the testator; and that accordingly the son of a British subject, who was born in Egypt, where his father had been sent as British minister, could take lands situate in this state, devised to him by the will of his father, and hold the same as against the heirs at law of the testator. And this case has been cited with approval in *Wright* v. *Saddler*, 20 N. Y. 324; *Munro* v. *Merchant*, 28 N. Y. 15; *Goodrich* v. *Russell*, 42 N. Y. 181. It would seem to follow, therefore, that the devisees of the testator, to whom were devised the remainder of the real estate devised to Mrs. McGillis for life, could take under such devise, and hold as against the heirs at law of the testator, independent of the provisions of the statute under which it is claimed all the disabilities of the plaintiff and other after-born children of Mrs. McGillis were removed. Chapter 120, Laws 1872, provides that the real estate of a female citizen of the United States, notwithstanding her marriage to an alien and residence in a foreign country, shall descend to her lawful children, etc. This statute, however, does not in terms apply to this case, as Mrs. McGillis was not the owner in fee of the real estate in question. Chapter 42, Laws 1889, goes further, and provides: "Nor shall the title to any such real estate which has or which shall descend, or which has been or shall be devised or conveyed, to such woman, or such foreign-born children or descendants, be impaired or affected by reason of her marriage with an alien, or the alienage of such children or their descendants." By chapter 310, Laws 1887, to which we have before referred, all the disabilities of the heirs of Eliza McGillis are removed, and the interest of the state released to the children and devisees in the will of William Caldwell, deceased. While the right of the after-born children

does not appear to be strenuously resisted by the appellants, it is insisted, if they have any rights under this will, it is only to the one-half, and does not include the half which the children of Mrs. McGillis, living at the time of the death of the testator, would have taken under said will, if not ineligible. The will in this case devises the remainder to a class, viz., the children of Eliza McGillis, living at the time of her death; and the rule seems to be that where some of the devisees of a class are incompetent to take, either by death, alienage, or other disability, the remainder of the class takes what was intended for all. In *Downing* v. *Marshall*, 23 N. Y. 366, it was held that where, by reason of legal incapacity, but one of a class can take, that one takes all of the estate to which the devise by its terms gives to the whole class. This case has been cited with approval in a large number of cases down to as late as *Crittenden* v. *Fairchild*, 41 N. Y. 292; *White* v. *Howard*, 52 Barb. 307. We think, on the whole case, that the judgment of the special term was correct. Judgment affirmed, with costs. All concur.