\* CATHARINE   E.   VAN   CORTLANDT, SOLE SURVIVING
PLAINTIFF, RESPONDENT, *v.* MARY A. LAIDLEY, APPELLANT,
IMPLEADED, ETC.

EWEN McGILLIS AND OTHERS, RESPONDENTS, *v.* MARY A.
LAIDLEY AND OTHERS, APPELLANTS, IMPLEADED, ETC.

*Aliens — the children not born at the time of the death of a testator are not covered
by 2 Revised Statutes, 57, section 4 — what interest they take in case of a devise to
all the children as a class — action for the construction of a will — who is concluded
by the judgment therein.*

A testator, by his will, gave certain property to his daughter, Eliza McGillis, for
life, and after her decease to her husband, John McGillis, for life, if he should
survive her, and further provided as follows: "And from and after the decease
of both my said daughter and her said husband, I give, devise and bequeath the
remainder, or fee simple in said property, to the lawful issue of my said daughter
then living, in such relative proportions (if such issue consist of more than one
person) as they would, by the laws of the State of New York, have then inherited
or taken the same from her, in case she and they were then native-born citizens
of said State, and she had then died intestate, lawfully seized of said property
in fee simple "

At the time of the death of the testator the daughter resided in Canada with her
husband, who was a citizen of Canada.

Thereafter an action was brought in the Supreme Court of the State of New York
by the executor under the will against the daughter, her husband and the children
then born of their marriage, which children were all aliens and residents of
Canada, and against the other parties in interest, for the purpose of obtaining a
construction of the will.

In this action it was decreed "that the provisions in said will and codicil in favor
of the said John McGillis, the husband of the said Eliza, and of the said Charlotte
McGillis, Elizabeth McGillis and Reginald McGillis, infant children of the said
Eliza McGillis,   *   *   *   so far as they relate to the real estate thereby
attempted to be devised to them, the same are void by reason of the alienage of
the said John McGillis and the said infant children."

Subsequently an action for the partition of certain of said real estate was brought,
to which, in addition to the above-mentioned parties, there were made parties
defendant four children of said Eliza and John McGillis, who were born subse-
quently to the death of the testator.

The statute (2 R. S., 57, § 4), provides that " every devise of any interest in real
property to a person who, at the time of the death of the testator, shall be an
alien not authorized by statute to hold real estate, shall be void.   The interest

so devised shall descend to the heirs of the testator; if there be no such heirs competent to take, it shall pass under his will to the residuary devisees therein named, if any there be, competent to take such interest."

*Held,* that this statute did not apply to the case of the children born subsequent to the death of the testator, but only to those who were in existence at the time of his death.

That such children, born subsequent to the death of the testator, took not one-half of the real estate so devised to Eliza McGillis for life, but the whole thereof.

That the provisions of the decree, in the action brought by the executor to obtain a construction of the will, were not binding upon those children of Eliza McGillis who were not made parties to that action and were born subsequent to such decree.

*Quære,* whether, in an action brought for the construction of a will, where the court declares one of its provisions void, and, in effect, that the deceased died intestate as to the real property intended to be devised by such void provision, the court can adjudicate in regard to the rights of the heirs-at-law in such property, as to which the deceased is adjudged to have died intestate.

APPEAL by the defendants, Mary A. Laidley and others, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Albany on the 14th day of January, 1890, after a trial at Special Term, which adjudged and decreed, among other things, as follows:

That the said fee or remainder in said property, partitioned and set apart therein to said Eliza McGillis for life, is vested in and owned by the lawful issue of the said Eliza McGillis, born subsequent to the death of William Caldwell, and their assigns, in the proportions provided and as specified by the said William Caldwell, deceased, in his said will and codicil, and the said heirs-at-law of William Caldwell, deceased, and their heirs, devisees and assigns, are hereby forever barred of all title or claim of title thereto of every name and nature.

The first of the above-entitled actions was commenced in the year 1851, by Pierre Van Cortlandt and Catharine E., his wife, and William Parmalee and Helen Louisa, his wife, against John McGillis and Eliza, his wife, John Dunford and Charlotte, his wife, Charles Jones and Mary, his wife, Philip Dunford and Augusta, his wife, Alexander Campbell and Jane Ann (late Jane Ann Jameson), his wife, Stephen Charles Sewell, Edward Quincey Sewell and James Caldwell Low, for the partition of the lands devised in common to Mrs. Van Cortlandt, Mrs. Parmalee and Mrs. McGillis, situated at Caldwell, Warren county, N. Y. None of the children of

Mrs. McGillis were originally made parties to the suit, and the share of Mrs. McGillis was, by the commissioners in partition and the order of the court, set apart to her for life, with remainder to the heirs of William Caldwell. Catharine E. Van Cortland is the only surviving plaintiff. No judgment was then entered in the action. John McGillis thereafter died, and, on application to the court, all parties interested in any way (including the children of Eliza McGillis) were made parties defendant.

On May 12, 1887, the legislature of this State passed an act to release the interest of the people of the State to the lawful issue of Eliza McGillis in and to the real estate devised to them by William Caldwell, deceased. Ewen McGillis, Margaret Louisa McGillis, Robert Andrew McGillis and Mary Sophia McDonald, having acquired by deed the interest of Mary Charlotte Harwood, William Hugh Caldwell McGillis, John McGillis and Elizabeth McGillis, were made parties defendant in the said partition suit, and directed to bring the cross-action, which is the second of the above-entitled actions.

The testator, by his will, among other things, gave, bequeathed and devised certain property to his daughter Eliza, " to have and to hold all and singular the property, both real and personal, above described, to my said daughter Eliza, during her natural life, for her sole and separate use, as is hereinafter more particularly provided ; and from and after her decease, I give, devise and bequeath said property to her husband, the said John McGillis, if he shall survive her, for and during his natural life ; and from and after the decease of both my said daughter and her said husband, I give, devise and bequeath the remainder or fee simple in said property to the lawful issue of my said daughter then living, in such relative proportions (if such issue consist of more than one person) as they would by the laws of the State of New York have then inherited or taken the same from her, in case she and they were then native-born citizens of said State, and she had then died intestate, lawfully seized of said property in fee simple. To have and to hold the said remainder in said property to the said issue of my said daughter, if such issue consist of one person only, to him or her, his or her heirs and assigns forever ; but if such issue consist of several persons, to have and to hold the same to them, their heirs and assigns forever, in the proportions above provided for."

*Matthew Hale*, for the appellants.

*Henry W. Hayden* and *Marcus T. Hun*, for the respondents.

MAYHAM, J.:

This is an appeal from a judgment of actual partition, and a judgment in a cross-action adjudging and determining who is entitled to the interest of Eliza McGillis, a life tenant, after her death and the death of her husband, John McGillis.

The questions arise out of the provisions of the will of William Caldwell, late of Albany, deceased, upon facts agreed upon by the parties.

William Caldwell, a citizen of the United States, residing at Albany, N. Y., made his will and codicil, dated, respectively, March 29 and December 29, 1841, which were admitted to probate as a will of real and personal estate in August, 1884. The will named four executors, none of whom qualified but Theodoric Romeyn Beck.

The testator was a bachelor, and his heirs-at-law were his three sisters, Jane, Harriet and Ann Maria, and their three children.

Jane married Stephen Sewell, of Montreal, Canada, and their children were aliens. But, in 1830, the legislature of New York passed an act removing their disability to inherit as aliens, and conferring upon them the capacity to inherit William Caldwell's property. Harriet married Theodoric Romeyn Beck, of the city of Albany, and Ann Maria married James Low, also of Albany. All of the sisters above named died before the testator, each leaving children surviving.

The testator, by his will, devised to Eliza McGillis certain real estate for life, and after her death to John McGillis for life, and after his death or the death of both the life tenants, the remainder in fee simple to the lawful issue of Eliza McGillis, then living, in the same proportion as they would inherit from her under the laws of New York if she were an inhabitant, if she and they were native-born citizens of that State, and she had died intestate, lawfully seized of such property in fee simple.

Eliza McGillis was a native-born citizen of New York, but on the 24th of September, 1820, was married in Canada to John McGillis, who was a native-born subject of Great Britain, and all of the children born of such marriage were born in Canada.

Shortly after William Caldwell's death and the probate of his will, a suit was brought by the only acting executor to obtain a construction of the will. All of the testator's heirs, and Mrs. McGillis and her husband, and all of her children then living, were made parties to that action.

On the trial at Special Term,[*] HARRIS, J., held that Mrs. McGillis had not forfeited her citizenship by marrying an alien and residing abroad, but that her children could not take the remainder devised to them because, they being aliens at the time of the testator's death, the devise to them was void, and that the remainder devised to them vested in the heirs-at-law of the testator on his death; each of the three sisters, if they had survived the testator, would have taken one-third, and the children of the deceased sister one-third of such remainder *per stirpes*.

Upon the authority of this decree some of the heirs-at-law of the testator brought an action against Mrs. McGillis, as devisee, and the other heirs-at-law of the testator, for the partition of the real estate devised to Mrs. McGillis for life, but none of her children were made parties to that action. By the commissioners' report, the life estate devised to Mrs. McGillis was set apart to her, and the remainder was, by the interlocutory judgment, partitioned between the heirs-at-law of the testator, and the report of the commissioners was confirmed by the order of the court. But no final judgment or decree was ever entered on that report. Four of the children of Eliza McGillis were born before the death of the testator, and four others were born after his death. The four children born prior to the testator's death, by deed, dated June 20, 1887, conveyed to the four children born after his death all the right, title and interest which they then had, or might thereafter acquire in the lands devised to them in and by the will of William Caldwell, deceased.

The said after-born children and grantees in that conveyance bring this cross-action.

On the 12th of May, 1887, by chapter 310, Laws of 1887, it was enacted as follows: "All the estate, right, title and interest which the people of the State of New York now have or may hereafter acquire in and to the lands devised by William Caldwell, of the city of Albany in this said State of New York, to his daughter Eliza McGillis for life and then to her husband John McGillis for life, should he

---

[*] *Beck* v. *McGillis* (9 Barb., 35). — [REP.

survive her, and from and after their decease, to the lawful issue
of the said Eliza McGillis then surviving, by reason of the alienage
of such issue, is hereby granted, released, conveyed and quit-
claimed to the said lawful issue of said Eliza McGillis, now or here-
after born, and their heirs and assigns forever ; and they are hereby
authorized to take hold, sell and convey said lands and premises, or
any interest they or either of them may have therein in the same
manner and with the same effect as if they were citizens of the
United States, and had been such citizens at the time of the death
of said William Caldwell.

"Nothing in this act contained shall be held or construed to affect
the right, title, interest, claim or demand of any heir-at-law, devisee,
grantee or vendee."     *     *     *

On the 9th of March, 1888, on the petition of Mrs. McGillis and
her children born after the death of the testator, and other proof
from which it appeared that no final decree had been made in the
action for partition, an order was made, under section 760 of the
Code of Civil Procedure, allowing the after-born children to com-
mence a cross action against all the other parties plaintiff and defend-
ant to said partition suit, limiting the questions triable in the cross-
action to the question whether the remainder in the property
devised and partitioned to McGillis (Mrs.) for life passed as decided
in the construction suit, and followed by the report of the commis-
sioners in the partition action, to William Caldwell's heirs or to the
lawful issue of Eliza McGillis, for whom the plaintiffs in the cross-
action prosecute as a class as well as for themselves.

The learned judge, at the trial, directed that the interlocutory
order or judgment in the partition action, and the report of the
commissioners and order confirming the same be so modified, that it
be ordered, adjudged and decreed that the remainder in fee belonged
to the lawful issue of Eliza McGillis, who were born subsequent to
the death of William Caldwell, the testator, and not to his heirs,
and allotting the same to her lawful issue her surviving, and their
assigns, as provided in the will and codicil in fee.  Judgment was
entered accordingly, and the appellants appeal.

It is insisted, on the part of the appellants, that the judgment in
the action of *Beck, Executor,* v. *McGillis* (reported in 9 Barb., 35),
construing the will of William Caldwell, is conclusive upon all the

parties to that action, and vested the title to the remainder of the lands devised to Mrs. McGillis after her death absolutely in the heirs-at-law of the testator, and that that vested estate, thus fixed by the decree of a court of competent jurisdiction, cannot in another action be divested, or the regularity or validity of that decree attacked collaterally in this action. The language of that decree is as follows:

"It is now adjudged and decreed, and this court, by virtue of the power and authority in it vested, doth adjudge and decree that the devises and bequests contained in the first clause of the last will and testament of William Caldwell, late of the city of Albany deceased, dated the 29th day of March, 1841, and the codicil thereto, dated December twenty-ninth, in the same year (which said will and codicil are set out at length in the complaint herein), in favor of his daughter, the defendant Eliza, wife of John McGillis, and whereby an estate for life is given and bequeathed to the said Ann Eliza McGillis in certain real and personal estate therein mentioned, is valid, and that the provisions in said will and codicil in favor of the said John McGillis, the husband of the said Eliza, and of the said Charlotte McGillis, Elizabeth McGillis and Reginald McGillis, infant children of the said Eliza McGillis, so far as they relate to the personal estate thereby bequeathed to them after the death of the said Eliza McGillis, are valid; and so far as they relate to the real estate thereby attempted to be devised to them the same are void by reason of the alienage of the said John McGillis and the said infant children, and of no effect or validity whatever; and that the said real estate in which an estate for life is devised by the said will and testament, and the codicil thereto, to the said Eliza McGillis, vested in the heirs-at-law of the said William Caldwell, deceased, on his death, subject only to the life estate of the said Eliza therein, and the defendants, Catharine Eliza, wife of Peter Van Cortlandt, Helen Louisa, wife of William Parmelee, being each entitled to an undivided one-sixth part thereof; the defendant James Caldwell Low, to the undivided third part thereof; the plaintiff Edward Quincey Sewell, and the defendants, Charlotte, wife of John Humford, Mary, wife of Charles Jones, Augusta, wife of Philip Dunford, Jane Ann Jameson and Stephen Charles Sewell, each to an undivided one-sixth part of the remaining one-third part thereof, subject to the life estate of the said Eliza McGillis therein as aforesaid."

It will be seen from the decree above quoted, that Judge HARRIS, the learned justice who was called upon in an action brought for that purpose to give a judicial construction to this will, not only declared the invalidity of the provisions thereof, so far as it assumed to devise the remainder in fee of the real estate in controversy in this action, but in the same decision and decree settled, if a decree in that action could settle, the ultimate right of the parties to the remainder in said lands as to which, by his decision, the testator died intestate by reason of the alienage of the devisees of such remainder.

The doctrine is quite elementary that the judgment of a court of competent jurisdiction is conclusive between the parties to it, who had their day in court, and, as to them, it cannot be attacked collaterally in another action as to matters in issue or properly tried in the former action.

And even where some doubt may exist as to the right to maintain an action in a given case, yet, when a judgment has been rendered in a court having general jurisdiction of the subject-matter and the parties, they are concluded by the decree pronounced and unreversed upon the issues in which they were parties to the action. (*Blakeley v. Calder*, 15 N. Y., 617.)

Nor can the right of an executor to come into a court of equity and ask for and receive a judicial construction of a doubtful or obscure provision of a will be questioned (*Bailey v. Briggs*, 56 N. Y., 407), especially where the answer to the inquiry propounded involves the correct administration of the powers in the will, or the construction of a doubtful and disputed clause in it.

But whether, in an action for the construction of a will, the court after declaring one of its provisions void, and in effect that the deceased died intestate as to the property intended to be devised by the void provisions, can follow the property so left out and dispose of the same between the heirs-at-law, is a question admitting of more doubt.

There are no allegations in the complaint, in the action for the judicial construction of this will, setting up the respective rights or interests of the heirs-at-law of William Caldwell, and asking any adjudication of their rights as between themselves in that action; and while it is obvious that, on the failure of the testator by his will to dispose of all his property, the part so undisposed of would

fall back into his estate and descend to his heirs-at-law, that result would follow, not by virtue of the decree of the court, but rather by operation of the law of descent.

The estate of the heirs-at-law of the testator in this remainder was, therefore, if it existed at all, created by the death of the testator intestate as to this remainder in fee. (1 R. S., 726, § 41.) But if it be conceded that this decree was effectual and binding as between the parties to it, still it is admitted by the appellants that as to after-born children, not parties to that action, it is wholly inoperative. (*Monarque* v. *Monarque*, 80 N. Y., 320.) But it is insisted by the appellants that, at the death of the testator, the remaindermen named in the will not being eligible to take under the devise, the fee of the real estate devised to Eliza for life became a vested remainder in the heirs-at-law of the testator, subject to be defeated only by the death of the remaindermen, or by death without issue before the termination of the life estate. In *Moore* v. *Littel* (41 N. Y. [2 Hand], 66), relied upon by the appellants in support of this contention, it was held that, under the Revised Statutes, a grant to A for life, and after his death to his heirs and their assigns forever, gives to the children of the latter a vested interest in the land, although liable to open and let in after-born children of A. In *Van Axte* v. *Fisher et al.* (117 N. Y., 401; 27 N. Y. St. Rep., 257), also referred to by appellant upon this point, where a testator devised his residuary estate to his executor, with power to sell and invest the proceeds and apply the income to D during his life, and after D's death gave the balance to J, who died before D, it was held that J took, upon the death of the testator, a vested remainder, and his interest on the expiration of the trust descended to his heirs.

In *Shipman* v. *Rollins et al.* (98 N. Y., 311), where the testator's will provided for the sale of enough of his real estate, and the investment of the proceeds to furnish an income to be applied to the support of his wife during her life, and after her death directed the sale of the balance of his real estate, the addition of the proceeds to the sums already invested, and after paying certain specified sums, the division of the balance between certain religious societies not then incorporated, it was held that the legacies so given did not

vest until after the death of his widow; but I think this case is distinguishable from the ones above cited, and that the rule is stated in *Moore* v. *Littel* (*supra*): " If there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the precedent estate, then that remainder is vested."

But it must be conceded in this case that, as to after-born children of Mrs. McGillis, the decision in the action for the construction of the will can have no application; their rights must be determined under the will and the law as it is found when they appear upon the scene claiming under the will. If, by the will, they are then the object of the testator's bounty, their rights must be protected and enforced by the court.

Let us assume, for the purpose of testing the rights of these after-born children, that at the time of the testator's death Mrs. McGillis had no children, and that she and her husband were both citizens of the United States, and that the will gave her a life estate, and after her death devised the remainder to her children her surviving, is there any doubt but that her after-born children living at the time of her death would take the remainder devised to them? And yet a technical vested estate in remainder would have devolved upon the heirs-at-law of the testator, the same as in this case; but it would be subject to be defeated by the happening during the life of the life tenant of an event which would furnish one competent to take under the provisions of the will.

It is conceded by the appellant that after-born children may take under this will, if competent to take and hold lands by devise under the law.

If, therefore, after-born children can take in the case supposed, what can prevent them from taking in the case at bar, if all their disabilities under the statute relating to aliens have been removed?

The testator in this case, as in all cases, had a right to dispose of his property by will in any manner agreeable to himself so long as he violated no law of the country.

It was competent for him to provide in it that the children of Mrs. McGillis, living at the time of her death, should take his property; and any child, and the descendant, if any, living at that time and competent to take real estate by devise, could take under that provision; and this brings us to the question, are the plaintiff

and other after-born children of Mrs. McGillis competent to take and hold real estate by devise?

The statute seems to apply only to persons who are aliens at the time of the death of the testator; the disability is created purely by statute and should not be extended so as to defeat the will and wishes of the testator to carry out the provisions of the statute. The language of the statute is (2 R. S., 57, § 4): "Every devise of any interest in real property to a person who at the time of the death of the testator shall be an alien, not authorized by statute to hold real estate, shall be void; the interest so devised shall pass to the heirs," or, failing in heirs, pass into his residuary estate.

In *Wadsworth* v. *Wadsworth* (12 N. Y., 376), this section of the statute was construed, and the court held that at common law an alien could take real estate by devise, but cannot hold it as against the State.

That the disability created by the statute above quoted did not apply to alien devisees born after the death of the testator, and that accordingly the son of a British subject, who was born in Egypt, where his father had been sent as British minister, could take lands situate in this State devised to him by the will of his father, and hold the same as against the heirs-at-law of the testator; and this case has been cited with approval in *Wright* v. *Sadler* (20 N. Y., 324); *Munro* v. *Merchant* (28 id., 15); *Goodrich* v. *Russell* (42 id., 181).

It would seem to follow, therefore, that the devisees of the testator, to whom was devised the remainder of the real estate devised to Mrs. McGillis for life, could take under such devise and hold as against the heirs-at-law of the testator, independent of the provisions of the statute under which it is claimed all the disabilities of the plaintiff and other after-born children of Mrs. McGillis were removed. Chapter 120 of the Laws of 1872 provides that the real estate of a female citizen of the United States, notwithstanding her marriage to an alien and residence in a foreign country, shall descend to her lawful children, etc.

This statute, however, does not in terms apply to this case, as Mrs. McGillis was not the owner in fee of the real estate in question. Chapter 42 of the Laws of 1889 goes farther, and provides: "Nor shall the title to any such real estate which has descended or which shall descend, or which has been or shall be devised or conveyed.

to such woman, or to such foreign-born children or descendants, be impaired or affected by reason of her marriage with an alien or the alienage of such children or their descendants."

By chapter 310 of the Laws of 1887, to which we have before referred, all the disabilities of the heirs of Eliza McGillis are removed, and the interest of the State released to the children and devisees in the will of William Caldwell, deceased.

While the right of the after-born children does not appear to be strenuously resisted by the appellants, it is insisted, if they have any rights under this will, it is only to the one-half, and does not include the half which the children of Mrs. McGillis living at the time of the death of the testator would have taken under said will, if not ineligible.

The will in this case devises the remainder to a class, viz., the children of Eliza McGillis living at the time of her death, and the rule seems to be that where some of the devisees of a class are incompetent to take, either by death, alienage or other disability, the remainder of the class takes what was intended for all.

In *Downing* v. *Marshall* (23 N. Y., 366) it was held that where, by reason of legal incapacity, but one of a class can take, that one takes all of the estate which the devise, by its terms, gives to the whole class. This case has been cited with approval in a large number of cases down to as late as *Crittenden* v. *Fairchild* (41 N. Y., 292); *White* v. *Howard* (52 Barb., 307).

We think, on the whole case, that the judgment of the Special Term was correct and should be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.