(75 Misc. Rep. 569.)

HADCOX v. CODY et al.

(Supreme Court, Special Term, Oneida County.  February, 1912.)

1. WILLS (§ 865*)—CONSTRUCTION—PROPERTY BEQUEATHED.
   Where a will bequeathed $2,000 to one daughter of testator for life and gave the balance of the estate to his two daughters equally for life and then to his legal descendants, if any, but, if none, then to strangers to the blood, and the will contains no residuary clause, testator died intestate as to the corpus of the $2,000.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2188–2199; Dec. Dig. § 865.*]

2. WILLS (§ 524*)—CONSTRUCTION—BENEFICIARIES—"DESCENDANTS."
   Where a testator left to one daughter $2,000 for life, and gave the balance of his estate to his two daughters equally, then to his legal descendants, if any, but, if none, the balance was bequeathed to strangers to the blood, the "descendants" are those who survive testator's daughters, and where, at the execution of the will and death of testator, he had two grandchildren, the interest of one, since deceased, does not pass to his father, who is a stranger to the blood of the testator.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1116–1127; Dec. Dig. § 524.*
   For other definitions, see Words and Phrases, vol. 3, pp. 2014–2017; vol. 8, p. 7635.]

3. WILLS (§ 733*)—CONSTRUCTION—PARTIAL DISTRIBUTION.
   Under a will bequeathing to one daughter of testator $2,000 for life, giving the balance of the estate to his two daughters equally for life,

then to his legal descendants, if any, upon the death of either of testator's daughters, a partial distribution takes place.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1819–1846; Dec. Dig. § 733.*]

Action by Susan E. Hadcox against Mary R. Cody, individually and as executrix of the will of James A. Carey, and others, to construe a will and compel an accounting. Judgment ordered.

Jones, Townsend & Rudd, for plaintiff.
Mackie & Hall, for defendant Mary R. Cody.
H. J. Cookinham, Jr., for De Land, an infant.

DEVENDORF, J. This action is brought to construe the last will and testament of James A. Carey, deceased, and to obtain an accounting of the executrix. The testator mentioned died in April, 1890, at Vernon Center, Oneida county, N. Y. He left him surviving two daughters, the plaintiff and defendant above mentioned, as his only heirs at law and next of kin. In the will in question he named both of the daughters as executors, but the plaintiff refused to serve as such. There has been much litigation and delay in the closing up of the affairs of this estate. The matters have become somewhat complicated, and there is more or less ill feeling prevailing among the parties interested.

In 1909 it was deemed proper by the parties that many of the disputed questions growing out of the management of the estate since the death of Mr. Carey should be disposed of upon a reference; and on the 23d of November, 1909, an order was made whereby it was referred to Mr. Charles A. Miller of Utica to take and state the account of the estate of James A. Carey, deceased, including receipts, investments, and disbursements of the temporary administrator and of the executrix, and to report his findings and render his opinion thereon; and also as to what part of said estate is income and what part is principal; and what disbursements should be allowed and what disallowed, and what sum should be added to income; and what disbursements should be charged against principal and what against income; and to report the amount of income for distribution. The referee has heard the allegations and proofs of the respective parties and has made his report to this court. The defendants oppose confirmation of such report.

The matters involved upon the hearing before the referee are considerably complicated and undoubtedly required much labor and lengthy computations on his part. He has upon due consideration rendered a report based upon the evidence, as he views it, and the law applicable thereto; and I am not inclined to disagree with or disturb his findings and, so far as his report is concerned, it is confirmed.

The matter of construing the will of the deceased is attended with some difficulty; the language under review being as follows:

"After all my debts and funeral expenses are paid, I give and bequeath to my daughter, Susan Emeline, the use of two thousand dollars during her

natural life; the balance of my property to be equally divided betwixt my two daughters (Susan Emeline and Mary Rosetta) during their natural lives, and then to my legal descendants, if any there shall be, but, if there should be none, then to Theodore De Land or his children."

The questions to be answered in connection with the above language are as follows:

First. What becomes of the corpus and use of the $2,000 after the death of Susan?

Second. Does the word "descendants" mean those who survive the testator or those who survive at the time of the distribution?

Third. Does a partial distribution take place on the death of either of the daughters, or does the survivor of the daughters have the use of what her sister had enjoyed?

[1] As to the first question, I am of the opinion that the residue of the $2,000 is not disposed of. There is no residuary clause in the will. The testator first takes $2,000 from his property to be invested for his daughter Susan. The "balance" of his property he divides, one-half for the use of each daughter during her natural life, and "then" to his legal descendants, if any there shall be, but if there shall be none, then to De Land or his children. There is no provision in the will which disposes of the corpus of the $2,000, and therefore he died intestate as to that.

I am aware of the fact that the courts favor testacy rather than intestacy; but, inasmuch as the testator failed to dispose of this fund after the life use, there is no power in the court to place language in the instrument to do it.

[2] As to the second question, I am of the opinion that the "descendants" referred to are those who shall survive the daughters and not those who survive the testator. This question becomes important because of the fact that one of the two grandchildren, who was living at the time of the execution of the will and the death of the testator, has since died intestate, and it is claimed that his interest in the estate had become vested and, upon his death, passed to his father, Francis A. Cody.

The intention, I think, is plain that the testator wanted his daughters to have the use of the estate and at their death it should go to their descendants and, at that possibly remote time, if there were none, then to Theodore De Land or his children.

This gift was to a class, to a body of persons uncertain in number at the time of the gift, to be ascertained at a future time; the share of each being equal and dependent for its amount upon the ultimate number. Matter of Kimberly, 150 N. Y. 93, 44 N. E. 945. The persons to take and the amounts cannot be ascertained until the end of the precedent estate.

Where there is a gift to a class to take effect in enjoyment at the end of a precedent life estate, only those surviving at the time of the distribution and the issue of those dying before that time are entitled to share. Moore v. Littel, 41 N. Y. 66.

In the case last above cited, the following language is used in the syllabus:

"Since the abrogation of the rule in Shelley's Case and the enactments in the Revised Statutes of New York, a grant 'to A. for life, and after his decease to his heirs and their assigns forever,' gives to the children of the latter a vested interest in the land; although liable to open and let in afterborn children of A. and liable also (in respect to the interest of any child) to be wholly defeated by his death before his father."

When the bequest is to a class to take at a certain time, the rule seems to be that, where some of such persons are incompetent to take either by death, alienage, or disability, the remainder of the class takes what was intended for all. Heaton, Surr. § 883; Van Cortlandt v. Laidley, 59 Hun, 161, 11 N. Y. Supp. 148; Matter of Seaman, 147 N. Y. 69, 41 N. E. 401; Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811; Matter of Curtis, 142 N. Y. 219, 36 N. E. 887.

The testator did not intend that his property or a large share of it should pass from his blood to strangers, only in the event that there were no descendants; and, in that case, he provided that it should go to the De Lands. If the contention of the defendants except the guardian ad litem is correct, then, already upon the death of this grandchild, half of this property has become vested in Francis A. Cody, the father of the deceased child, and a stranger in blood to the testator. This result was the furthest from his intention; and my conclusion is, as above stated, as to this question, that the word "descendants" as used in this will means those who survive at the time of the distribution. He could create a life estate and say who should take the property at the end; and his intent, if it can be found, will be carried into effect. Matter of Smith, 131 N. Y. 247, 30 N. E. 130, 27 Am. St. Rep. 586.

In reaching this conclusion, I am not unmindful of the fact that the court should adopt that construction, if possible, which is the most favorable to the vesting of the estate devised and which will avoid the disinheritance of the remainderman who happens to die before the termination of the life estate; but the language of this brief will impresses me with a view of the testator's intention which I cannot put aside or change.

[3] As to the third question, whether a partial distribution takes place on the death of either of the daughters, I am of the opinion that it does, because the gift to each of them is limited to the use of one-half (excepting as to the $2,000). At the death of one of the daughters, the property of which she has had the use passes on to the descendants then living; and the survivor has no interest or use of that share which came from the bequest to her deceased sister.

This answers the questions submitted and construes the will, I think, according to the intention of the testator; and such construction is supported by legal precedent.

A decree will be prepared according to the foregoing views; and, if the parties do not agree upon the form, it may be settled on two days' notice.

Judgment accordingly.