DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## December, 1895.

ABRAHAM LINDO and ISAAC LINDO, Appellants, *v.* MATTHEW T. MURRAY, as Executor, etc., of MATTHEW MURRAY, Deceased, Respondent.

*Powers — unlimited power to sell real estate — not connected with trusts attempted to be created by the will — the power may be exercised though the trusts are void — it may be exercised for purposes of distribution.*

Where a will gives, to the executors named in it, an absolute power of sale to sell all or any portion of the real estate, in such manner and upon such terms as they in their judgment should consider most for the interests for the estate, and to execute proper deeds therefor and to vest all the title of the testator in the purchaser, and also creates certain void trusts, and it appears that there is no connection whatever between the power of sale and the trusts, a conveyance made by the executors, under the power, conveys a good title.

*Semble,* that executors would have a right to exercise such a power of sale for the purposes of distribution, in order to prevent the expenses of an action in partition.

APPEAL by the plaintiffs, Abraham Lindo and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of July, 1895, upon the decision of the court rendered after a trial at the New York Circuit, dismissing the complaint upon the merits.

*Samuel Greenbaum,* for the appellants.

*J. H. Regan* and *Frederick Smyth,* for the respondent.

Van Brunt, P. J.:

This action was brought to recover the sum of $1,000, the amount paid by the plaintiffs to the defendant's testator upon the making of a certain contract for the purchase of real estate owned by said testator, and the counsel fee and disbursements incurred in and about the searching of the title to the premises mentioned in said contract, the vendor's title to the premises having been objected to by the plaintiffs as not marketable.

The vendor claimed to have acquired title under a deed executed by the executors of the will of one George Youngs. These executors assumed to execute the deed because of a power of sale contained in the will of said Youngs. Youngs died vested with the title in fee of the premises in question on the 1st of January, 1880, leaving a will which was duly proved before the surrogate of the county. Shortly after his death an action was commenced in the Court of Common Pleas for a construction of the will. There were minors interested in the estate, the proceedings as to whom seem to have been regular. A judgment was entered in the action in the Court of Common Pleas, holding that the trusts attempted to be created by the will were void, and that the heirs at law were entitled to the real and personal estate, subject to the power of sale, and also holding that the power of sale contained in said will was valid.

The conveyance by the executors was executed on the 24th of March, 1883, and on the 3d of May, 1883, such executors filed their final account of proceedings in the office of the surrogate, by which it appears that there came into the hands of the executors from the personal estate of the deceased over $24,000, and that the sum realized from the sale of his real estate, including the real estate in question, was $45,000; and it also appeared that the total expenditures by the executors, which necessarily included the payment of all debts, was less than $21,000.

In the court below it was held that the Court of Common Pleas had jurisdiction of the subject-matter of the action; that the parties were present before the court, and that it had determined the question as to the existence of the power of sale, and that this adjudication was binding as a conclusive adjudication upon all the parties to that action, whether adults or infants.

In the disposition of the appeal from the judgment we do not think it is at all necessary to determine the question as to whether the court below placed its decision upon the proper ground or not. It seems to be apparent, upon an examination of the will, that the power of sale is in no way connected with the trusts attempted to be created, and which were declared to be void. It is an absolute power given to the executors to sell all or any portion of the real estate at such times, in such manner, and upon such terms as they in their judgment should consider most for the interest of the estate, and to execute proper deeds therefor, and to vest all his title thereto in the purchaser thereof.

The case of *Kinnier* v. *Rogers* (42 N. Y. 531) holds such a power of sale to be valid.

The authorities cited upon the part of the plaintiffs hold that where an executor has a mere naked or collateral power, with no beneficial interest whatever in the land or its proceeds, the power can only be exercised in the manner and for the precise purpose declared and intended by the donor, and that where that purpose cannot be effectuated the power fails. But in the case at bar there was no limitation of purpose whatever. The executors were authorized to sell the real estate at such time, in such manner and upon such terms as they in their judgment should consider for the interest of the estate, and to execute proper deeds therefor. Even for the purposes of distribution, the executors would have had the right to exercise this power in order to prevent the expenses of partition. The case of *Sweeney* v. *Warren* (127 N. Y. 426), cited by the appellants, is an example of those cases in which it was held that, where an executor is authorized to sell for some specific purpose, which purpose has failed or been accomplished, the power of sale cannot be exercised. So here, if the trusts were void and the power of sale was connected with the execution of the trust, the trust failing, the power of sale would also fail. But we see no connection between the power of sale and trust, although in the execution of the trust it might have been very convenient to have exercised the power of sale.

The case is presented of a naked power which the testator has

given to his executors to be exercised for the best interests of his estate in the winding up of its affairs.

The judgment should be affirmed, with costs.

FOLLETT and PARKER, JJ., concurred.

Judgment affirmed, with costs.