RICHARD M. C. LIVINGSTON and WALTER E. LIVINGSTON, Individually and as Trustees of the Trust Created by the Last Will and Testament of EUGENE A. LIVINGSTON, Deceased, Respondents, *v.* ELIZABETH LIVINGSTON and Others, Defendants.

FANNY TURNER WHARTON, Purchaser, Appellant.

*A judgment in an action for the construction of a will — it is conclusive as to the existence of a power of sale exercised in accordance therewith — section 2357 does not apply.*

Where, after the termination of a trust created by will, the trustees bring an action, to which the residuary legatees and devisees are made parties, for the purpose of obtaining, among other things, an adjudication as to whether a power of sale given by the will survived the termination of the trust, and a judgment is entered therein confirming the report of a referee, holding that the power of sale did survive the termination of the trust, a purchaser of real estate included in the trust, sold by the executors pursuant to the power of sale, subject to the approva of the court, which was subsequently obtained, is not in a position to refuse to accept a conveyance of the premises on the ground that the title was not a good and marketable one for the reason that the power of sale contained in the will ceased to exist at the termination of the trust and that the trustees had no power to sell and convey the premises, and that the judgment of the court authorizing the sale was insufficient to make the title acquired thereunder marketable. The judgment rendered in such an action, until reversed, is conclusive upon all the parties thereto.

*Semble,* that section 2357 of the Code of Civil Procedure, limiting the disposition of the real estate of an infant or an incompetent person, only applies to special proceedings instituted under the Code of Civil Procedure, and does not curtail the power of the court to render judgment in an action where it has jurisdiction of the subject-matter and where the parties in interest are properly before it.

APPEAL by Fanny Turner Wharton, purchaser, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of November, 1900, directing her to complete her purchase of certain premises, pursuant to the terms of a written agreement made between herself and the plaintiffs.

*Alfred S. Brown,* for the appellant.

*D. B. Ogden,* for the respondents.

HATCH, J.:

This action was brought by plaintiffs, as substituted trustees of the trust created by the last will and testament of Eugene A. Liv-

ingston, deceased, for the purpose of obtaining a settlement of their accounts as such trustees, and also for the purpose of procuring a construction of the will. By the 3d clause of the will the rest, residue and remainder of testator's property is given to his executors upon trust to receive the rents, etc., and to pay the same over to his children until the death of both of his sons, Richard M. C. Livingston and Walter E. Livingston, or until the said Richard M. C. Livingston shall attain the age of thirty-seven years, or until the said Walter E. Livingston shall attain the age of thirty-five years, whichever of said three events shall first happen.

By the 4th clause of the will the testator, from and immediately after the termination of this trust, gives absolutely all the rest, residue and remainder of his property to such of his five children as may be then living, and to the lawful issue of such as shall then be dead ; and by a paragraph of the 5th clause the executors are directed, as soon as may be convenient after the termination of the trust, to partition all his real estate which may then be unsold and divide all his personal estate, including the proceeds of the real estate which may have been sold, between the persons to whom and in the proportions in which the same shall have been devised and bequeathed by said will, and giving to said executors full power to do whatever shall be necessary and proper in their judgment to effect a proper partition and division.

By another and distinct paragraph of said 5th clause of the will he authorizes and empowers his executors to sell and convey either for cash or upon credit or partly for cash and partly for credit, and either at public or private sale, all or any part or parts of his said real estate and to invest the proceeds thereof as well as any other funds which may come into their hands in the execution of said will in the bonds and other securities of the United States, etc.

The complaint sets forth the probate of the will, the issuance of letters testamentary to the executors therein named and the appointment of the plaintiffs as substituted trustees ; that the trust has now terminated and it has become the duty of the plaintiffs to make distribution according to the provisions of the will ; that doubts have arisen as to whether the power of sale given by the will survived the termination of the trust, and prays the instructions of the court in that regard.

The parties defendant are the residuary legatees and devisees under said will. The matter was sent to a referee, who reported to the court that the power of sale continued to exist notwithstanding the termination of the trust, and that it might be freely exercised by the plaintiffs as trustees in distributing the estate. Judgment was entered confirming this report, and subsequently the plaintiffs sold the premises in question to the appellant herein, Fanny Turner Wharton, subject to the approval of the court. This sale was confirmed by the court and the plaintiffs as such trustees were authorized to convey said premises to the purchaser.

Fanny Turner Wharton refused to accept a conveyance of the premises on the ground that the title was not a good and marketable one, for the reason that the power of sale contained in the will, pursuant to which the said trustees assumed to sell and convey the premises in question, had ceased to exist at the termination of the trust contained in the will and was no longer operative, and such trustees had no power to sell and convey the said premises to her, and that the judgment of the court authorizing such sale was insufficient to make such title marketable. Thereupon a motion was made by the trustees at Special Term to compel the purchaser to take said title, which motion was granted and an order was entered accordingly. From such order this appeal is taken.

It does not seem necessary that we should enter upon a discussion as to whether or not the court, in the judgment which it has rendered, correctly construed the will. A determination of such question is not presently of consequence, for if we should reach a conclusion diametrically opposed to the construction which the court placed upon the will, we should still be confronted by the judgment which now binds all the parties to the action, and will continue to bind them so long as it stands unreversed. (*Lindo* v. *Murray*, 91 Hun, 335; affd., 157 N. Y. 697.) This judgment not only binds and protects parties and privies thereto, but it also binds and protects all persons who deal upon the faith of it. (*Park Hill Co.* v. *Herriot*, 41 App. Div. 324.)

It has been asserted that some discredit has attached to these decisions by the decision of the Court of Appeals in *O'Donoghue* v. *Boies* (159 N. Y. 87). It is true that there was some discussion of the general subject by Judge O'BRIEN and by Chief Judge PARKER

in that case. Their views were inharmonious, but the court did not decide the question, as the other judges who voted were evenly divided upon the subject. Judge O'BRIEN rested his opinion mainly upon the provisions of section 2357 of the Code, which prohibits the sale, mortgage or leasing of the real property or interests of an infant contrary to the provisions of a will. The action in which the judgment was rendered, which was the subject of consideration, was for the partition of lands, and over such action the court had general jurisdiction. The Code provision (§ 2357) relates to the disposition of the real property of infants and other incompetents, as is expressed in the title under which the section is found. And the section itself provides that sales, etc., "as prescribed in this title," shall not be made. This seems to limit this provision of law to special proceedings, for which provision is made in the sections of the Code under that title. Being so limited, we are at a loss to see how it can be held to curtail the powers of the court to render judgment in an action where it has jurisdiction of the subject-matter, and where the parties in interest are properly before it. We cannot find in the discussion of Judge O'BRIEN any reference to the limitation contained in the section. But the limitation is clear and seems to control the subject only so far as it finds application to proceedings under that title. The case itself was decided upon another ground, and is, therefore, not an authority upon the subject. In a recent case the Court of Appeals has again recognized and applied the principle of the *Lindo* case. The opinion is written by Judge VANN, who did not vote in the *O'Donoghue Case*, and is in accord with the views expressed by Chief Judge PARKER therein. (*Hughes v. Cuming*, 165 N. Y. 91.) We do not think, therefore, that there has been any departure intended by the Court of Appeals from the doctrine heretofore announced, and such doctrine makes this judgment conclusive of what it decides so long as it stands.

The court had jurisdiction of the person of Adelaide Livingston; she was not an incompetent in any legal sense, as she had not been so adjudged, and besides all of her rights were protected. The court, upon the suggestion that she was in fact an incompetent person, made an order directing that she be represented by an attorney, who was thereafter duly appointed, served an answer, and represented her rights and interests upon the trial. The court, therefore,

had jurisdiction of her person as well as jurisdiction of all the other parties in interest. It is clear, therefore, that the trustee can convey a good title to this land, and the purchaser is required to fulfill her contract.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., RUMSEY, PATTERSON and INGRAHAM, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.