Matter of the Petition of WALTER F. RING to Render and Settle his Accounts as Executor of and Trustee under the Last Will and Testament of JOHN C. CORDES, Deceased.

(Surrogate's Court, Kings County, December, 1916.)

Wills — general power of sale given to executors not inconsistent with devise of vested estate — devise to executors of residuary estate in trust — power to mortgage or lease — executors and administrators — accounting.

A general unlimited power of sale of real estate given to executors is not inconsistent with a devise of a vested estate in the same property.

A will, by which the income of testator's residuary estate devised to his executors in trust was given to his wife for life, provided: " On the death of my said wife * * * I give, devise and bequeath all the rest, residue and remainder of my estate * * * to my brothers and sisters share and share alike, the issue of any deceased brother and sister to take such share as his or her parent would take if living, share and share alike." The executors, one of whom was testator's wife, or the survivor or survivors of them, were authorized and empowered to mortgage or lease any or all of the real estate and to continue or sell the business conducted by the testator at the time of his death as they might deem for the best interests of the estate, and the will declared that it was testator's intention to authorize his executors and trustees to take such steps as would prove most advantageous to the beneficiaries named. In assertion of the power of sale conferred the surviving executor and trustee sold certain of testator's real estate after the death of testator's wife and embraced the proceeds in a proceeding for the judicial settlement of his account. After the death of testator one of his brothers died leaving him surviving a minor child in whose behalf it was claimed that such sale was without power or authority under the will.

*Held,* that the power of sale was comprehensive of all the real estate of which testator died seized and was general and absolute.

That the sales reported upon the accounting herein were made in the proper exercise of the power of sale and that the objection made on behalf of said minor child should be overruled.

That the accounting party was without power under the will to collect the rents of testator's real estate which accrued after the death of his widow and his account in that respect could not be settled in the present proceeding.

Proceeding upon the judicial settlement of the accounts of an executor and trustee.

Reynolds & Geis (Leonard J. Reynolds, of counsel), for accountant.

Thomas H. Troy, special guardian, objectant.

Ketcham, S.  The will contains a direction for the payment of debts, funeral expenses and testamentary expenses, two legacies of $5,000 each, and a devise in trust of the residue, to receive the income and to apply the same to the testator's wife during her life.  The provision in the event of the remarriage of the wife has lost importance, since she has died without remarriage.

The will then proceeds:

"VI. On the death of my said wife  *  *  *  I give, devise and bequeath all the rest, residue and remainder of my estate  *  *  *  to my brothers and sisters share and share alike, the issue of any deceased brother and sister to take such share as his or her parent would take if living, share and share alike.

"VII. I hereby nominate and appoint my beloved wife, Bertha W. Cordes, and the said Walter F. Ring and Martin Gerken to be executors of this my last Will and Testament, hereby revoking all former or other Wills or codicils by me made.

" VIII. I authorize and empower my said executors or their survivor or survivors, or my said trustees, as the case may be, to sell, mortgage or lease any or all of my real estate and to continue or sell the business or businesses conducted by me at the time of my death as they may deem for the best interest of my estate, and with the same force and effect as I personally could do if living. It being my intention to authorize my said executors and trustees to take such steps as will prove most advantageous to the beneficiaries named in this Will."

Since the death of the wife, the accountant has sold the real estate in assertion of the power given by the will, and has embraced the proceeds in this accounting.

One of the testator's brothers died after the testator's death, leaving a minor child, in whose behalf it is claimed that the sale of the testator's lands by the surviving executor and trustee was without power or authority under the will.

The trust terminated with the death of the wife, and the gift over was of a fee in the real estate.

The minor in whose behalf objection is made took from his father a fee in one-quarter of the lands devised.

A general unlimited power of sale of lands given to executors is not inconsistent with a devise of a vested estate in the same property.

There are many declarations of this doctrine in cases where the power of sale was incident to, but separate from, a gift in trust, and the provision creating the trust contained a discretion to divide and distribute among the remaindermen. *Cusack* v. *Tweedy,* 126 N. Y. 81; *Van Cott* v. *Van Cott,* 167 App. Div. 694.

The same rule is found in cases where it is expressly

provided that the power of sale was for the purpose of effectuating the general purposes of the will. *Crittenden* v. *Fairchild*, 41 N. Y. 289; *Taber* v. *Willis*, 1 App. Div. 285; affd., 153 N. Y. 663; *Lindo* v. *Murray*, 91 Hun, 335; affd., 157 N. Y. 697; *Matter of Bielby*, 91 Misc. Rep. 353.

Adjudications of the two classes represented by these citations, upon examination of the wills therein considered, fail of controlling authority in the present instance, where the gift is of a legal estate unqualified by any expression of a duty on the part of a trustee to distribute the subject of an expired trust, and where the power of sale does not readily yield an intention that it is to be exercised for the purpose of aiding distribution.

But the questions now arising are fully governed by express authority. *Kinnier* v. *Rogers*, 42 N. Y. 531. In this, the leading case in this state, the devise was of a legal estate, without the intervention of any trust preceding the gift, or any direction in trust, or otherwise, to divide the property among the devisees, and the power of sale was destitute of any expressions of its purpose.

Of this power of sale, the court said: " It relates to real estate previously devised and disposed of by the eighth and ninth clauses of the will, and it must be construed in connection therewith; and the testator, in creating the power, with the knowledge that it could only apply to such real estate, cannot be understood as intending thereby to revoke the previous devises and dispositions thereof, and thus deprive the devisees of all interest therein, and of all benefit and advantage therefrom. They may consistently stand together, and both can have full force and effect. * * * The exercise of that power would secure a division of the avails among the parties in interest, without the delay

and expense of an action in partition, or other judicial proceedings, and in my opinion, the power given by the will was intended to effect that object. The avails of the land, instead of the land itself, would in that case pass, under the residuary clause, to the children, and could at once be divided so as to be enjoyed by them in severalty, and they necessarily would have an interest in its execution. This would render it a general power in trust, which is created ' when any person, or class of persons, other than the grantee of the power, is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from the alienation of the lands according to the power.' ''

This would seem to teach that even without extraneous aid from the circumstances of the testator, and without expression in the will of the purpose for which the power is granted, a devise of a vested legal estate and a power to sell the lands devised are to be harmonized by giving effect to both the devise and the power, with the result that the devisees take a fee subject to the execution of the power.

But if the decision be limited to the facts to which it was applied, it will be seen that in this narrower import it is conclusive of the present controversy.

The court supported its conclusion by the recital of circumstances surrounding the testator tending to impress upon his testamentary act an intention that the sale was to be had for the better disposition of the property devised. Among these were the fact that the lands which were the subject of the devise could not be enjoyed in severalty without sale and the further fact that of his eight devisees three were infant.

The first circumstance was within the testator's contemplation in the case at bar. The second was in substance reproduced before his mind, since his gift was

to four adult brothers and sisters or to the issue of any deceased brother or sister.

The power of sale in the will at bar was comprehensive of all the real estate of which the decedent died seized, and it was general and absolute in its authority. It cannot be differentiated from the power discussed in *Kinnier* v. *Rogers, supra.*

The power conferred upon the executors in paragraph VIII was to sell " as they may deem for the best interest of my estate, and with the same force and effect as I personally could do if living," and it was explicitly designed for the advantage of all " the beneficiaries named [meaning, of course, intended] in this Will."

This expression of intention equals the phrases by which powers of sale have been declared by their donors to be for the fulfillment of the will, or for the carrying out of the provisions of the will, or for facility of division among the beneficiaries of the will.

In *Lindo* v. *Murray, supra,* the *Kinnier* case was applied to a will which attempted to create trusts, afterwards declared to be void, and contained an absolute power of sale of any or all of the real estate " at such times, in such manner, and upon such terms as they in their judgment should consider most for the interest of the estate."

Hence the sales reported in this accounting were made in the proper exercise of the testamentary power, and the objection of the special guardian in this respect is overruled.

It is noticeable that these sales occurred after the death of the wife, whose life was the measure of the trust, and were, therefore, made by the accountant as executor only.

It results from these observations that the accountant was without power under the will to collect the

rents of the decedent's real estate, which occurred after the death of the widow. In collecting these rents he had the authority of the adult devisees, and his acts in so doing were not unlawful or unfaithful, but his account in this proceeding as trustee is without foundation, and cannot be settled.

The objections to the executor's account are disallowed.

There are expressions in the account which do not accord with the views contained in this opinion, but they do not need any explicit criticism, since they do not affect the figures of the decree.

The adjustment of commissions and other proposed details may, upon the suggestion of one of the briefs, be brought up upon the settlement of the decree.

Decreed accordingly.