In the Matter of the Judicial Settlement of the Account of Proceedings of PETER GORGES and THERESA GORGES, as Executors, etc., of MARIA ANNA GORGES, Deceased.

Surrogate's Court, Bronx County, January, 1923.

**Wills — construction — word " trust " or " trustee " not necessary to create a valid trust — will speaks as of the time of the death of testatrix — power of sale in executors may be implied.**

Testatrix devised and bequeathed to her four children all of her property, real and personal, in equal shares, subject, however, to certain " instructions " as to the shares of two of her daughters. As to her daughter R.'s share " It is my wish that my daughter R. shall not be given her portion of my estate in one sum at one time, and I request that my daughter, T., shall pay same to her in such amounts as may be considered advisable by her, my said daughter, T., my wish being that the money should be invested, if possible, or placed in bank or trust company at interest, my daughter R. only receiving the interest thereon and occasional allowances for any necessary expenses." As to her daughter M.'s share like provisions were made in case she remarried. *Held*, that testatrix intended to cut down the devise and bequest to her daughter R. and although the word " trust " or " trustee " was not used testatrix created a valid trust for her daughter R., of which T., another daughter of testatrix,

Surrogate's Court, Bronx County, January, 1923.    [Vol. 120

was the trustee; that her daughter M. not having remarried was entitled to her share absolutely as the will spoke as of the time of the death of testatrix; that while the will does not in absolute terms give a power of sale to the executors such power will be implied in order to carry out the provisions of the will.

Proceeding to settle executors' accounts and to construe will.

Robert H. Bergman, for executors.

Schulz, J. After providing for the payment of her debts and funeral expenses, the testatrix in the 2d paragraph of her will gave, devised and bequeathed to her four children all of her property " both real and personal and wheresoever situated,", of which she died possessed, " share and share alike," subject to certain legacies and provisions contained in paragraphs 3, 4, 5 and 6 of her will. As to two of her children, she made such devises and bequests subject to " instructions " contained in later paragraphs of her will. The so-called " instructions " which it becomes necessary to consider are those contained in paragraph 8 and are as follows:

" It is my wish that my daughter *Rosalia (Mrs. Frank Schwebius)* shall not be given her portion of my estate in one sum at one time, and I request that my daughter, *Theresa Gorges*, shall pay same to her in such amounts as may be considered advisable by her, my said daughter, *Theresa Gorges*, my wish being that the money should be invested, if possible, or placed in bank or trust company at interest, my daughter *Rosalia (Mrs. Frank Schwebius)* only receiving the interest thereon and occasional allowances for any necessary expenses."

The intent of the decedent appears to me to be clearly apparent from a consideration of the document which, of course, must be read in its entirety in order that the decedent's intent be ascertained. *Howland* v. *Clendenin,* 134 N. Y. 305; *Roe* v. *Vingut,* 117 id. 204; cases cited in *Matter of Correll,* 88 Misc. Rep. 377, and in *Matter of Columbia Trust Co.,* 97 id. 566. She desired each of her four children to have an equal share in her estate both real and personal except that the portion of her estate intended for Rosalia was to be paid to the latter by the decedent's daughter Theresa, an executrix, in such amounts as the latter considered advisable and not in one sum (*Putnam* v. *Lincoln Safe Deposit Co.,* 66 App. Div. 136), and the same provision was to operate as to the share of Maria, another daughter, under certain conditions.

The words added to the language making the devise and bequest to the daughter Rosalia are sufficient to show an intent to cut down the same. They are immediately coupled with and as clearly expressed as are such apparently absolute devise and bequest. *Roseboom* v. *Roseboom,* 81 N. Y. 356; *Felter* v. *Ackerson,* 35 App.

Misc. 171]    Surrogate's Court, Bronx County, January, 1923.

Div. 282; *Mee* v. *Gordon*, 187 N. Y. 400; *Close* v. *Farmers' L. & T. Co.*, 195 id. 92.

With regard to the share of the daughter Maria Louisa, which was to be treated in the same way, if she married a second time, no further consideration is necessary. The will spoke as of the time of the death of the decedent (*Matter of Tompkins*, 154 N. Y. 634; *Stokes* v. *Weston*, 142 id. 433; *Nelson* v. *Russell*, 135 id. 137; *Embury* v. *Sheldon*, 68 id. 227; *Livingston* v. *Greene*, 52 id. 118), and as this daughter has not married a second time, she is not in any way affected by such provision and is entitled to her one-quarter share free from such condition.

The intent of the decedent with respect to the share of her daughter Rosalia must be given effect if this may lawfully be done (*Robinson* v. *Martin*, 200 N. Y. 159; *Fulton Trust Co.* v. *Phillips*, 218 id. 573; *Cammann* v. *Bailey*, 210 id. 19; *Mee* v. *Gordon*, *supra*), and I reach the conclusion that it may be done if the decedent be deemed to have created a trust by the provisions of the 8th paragraph of her will. The fact that the word " trust " or " trustee " was not used by the decedent does not compel the conclusion that her intent was to the contrary. *Matter of Leonard*, 168 App. Div. 12; affd., 218 N. Y. 513; *Felter* v. *Ackerson*, *supra*; *Morse* v. *Morse*, 85 N. Y. 53; *Title Guarantee & Trust Co.* v. *Haven*, 214 id. 468. In my opinion, a trust was created of which Theresa Gorges is the trustee, pursuant to which she was to pay to her sister Rosalia such amounts of the principal as she considered advisable, and pending such payments, to invest such principal and pay her said sister the income thereof. Such trust will end in one of three ways: (a) Upon the payment to Rosalia by the trustee of her share in such several amounts as the trustee considers advisable; (b) upon the death of Rosalia, in which event her share or so much thereof as has not then been paid to her will be payable to her estate; and (c) upon the death of the trustee; this being a trust where a personal discretion as to the payment of principal, which could not be exercised by any substituted trustee, was vested in the person named. *Benedict* v. *Dunning*, 110 App. Div. 303; *Jones* v. *Dodge*, 69 Misc. Rep. 126; *Coleman* v. *Beach*, 97 N. Y. 545. If the trust ends upon the death of the trustee, the amount then unpaid is payable to the daughter Rosalia.

While the will does not in absolute terms give a power of sale to the executor and the executrix, there can be no doubt that such a power of sale was implied and that it was not limited to a period of one year. This is shown by the language in the 7th paragraph of the will as also by the provision with respect to the share of the daughter Rosalia in paragraph 8, to the effect that the same

Surrogate's Court, Westchester County, January, 1923.          [Vol. 120

was to be paid to her by Theresa in such amounts as might be considered advisable by her. A power of sale must not necessarily be expressed, but may be implied if necessary to carry out the provisions of the will (*Cahill* v. *Russell,* 140 N. Y. 402), nor does the fact that the land was devised necessarily negative the existence of a power of sale. *Kinnier* v. *Rogers,* 42 N. Y. 531; *Matter of Ring,* 98 Misc. Rep. 119.

The property of the decedent has, therefore, been devised and bequeathed in the manner stated, subject to a power of sale in the executor and executrix implied from the wording of the will, and which they must have if they are to carry out the provisions of the same.

Settle decision and decree accordingly.

Decreed accordingly.