MAY LOUISE MARKERT and Another, as Executors, etc., of MAGDA-LENA LETT, Late of the County of Kings, Deceased, Plaintiffs, *v.* JACOB SOLOMON, Defendant.

Second Department, June 25, 1926.

**Trusts — testamentary trust — validity — will devised one-half of residue in trust for benefit of named person for ten years — other half was devised for benefit of four persons, principal to be paid to each when he arrived at twenty-one years of age — executors were given power of sale — first trust invalid — trust as to second half of residue valid — executors had right to exercise power of sale and can give marketable title.**

The plaintiffs, executors under a will which devised one-half the residue in trust for the benefit of a named person for ten years and the other half of the residue in trust for the benefit of four persons until they arrived at the age of twenty-one years when the principal was to be paid to them, could convey a good and marketable title to the real property, a contract for the sale of which the executors are seeking to enforce in this action, for while it may be that the trust of one-half of the residue for the benefit of a named person for ten years is void as unlawfully suspending the power of alienation, still the trust of the remaining one-half of the residue for four persons named must be considered as four separate trusts each for the benefit of a single person, the principal to be paid to that person upon the arrival of him or her at the age of majority, and, therefore, those trusts are valid, and the executors are entitled to exercise the power of sale given to them in the will in reference to real property conveyed in trust.

The power of sale is in no way limited for the particular purposes of the void trust and it is essential that the executor should exercise this power in order to carry out the valid provisions of the will and, therefore, the contract of sale entered into between the plaintiffs and the defendant may be enforced.

Submission of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*Fred L. Gross,* for the plaintiffs.

*Robert M. Johnston,* for the defendant.

Young, J. On March 26, 1926, the plaintiffs, as executors of the will of Magdalena Lett, made a contract to sell to defendant property at the northwest corner of Bushwick avenue and Ainslie street, Brooklyn.

The agreed time for the performance of the contract was extended to April 27, 1926, at which time the parties met, and no question is raised as to the sufficiency or propriety of the tenders of performance made by both parties, but the defendant refused to accept the deed offered by the plaintiffs, claiming that plaintiffs could not convey a marketable title to the premises.

The plaintiffs are acting as executors of the will of Magdalena Lett, who died in Kings county on December 9, 1925, then owning the real property in question. She left a will which has been duly probated by the surrogate of Kings county, and the plaintiffs qualified as executors of the will, but have not yet qualified as trustees under the will.

Magdalena Lett died possessed of personal property not exceeding the gross value of $12,500, and died seized of the real property in question, which, according to the contract, is valued at $16,000, less a mortgage of $4,000, and this real property is the only real property of which she died seized.

By her will she bequeathed general legacies to various persons, aggregating $9,000. The residue of her estate she gives to her executors in trust, " to set up two trusts, each consisting of one-half of my residuary estate."

The net income from one-half of the trust fund is to be paid to May Louise Markert for a period of ten years, unless she marries within ten years, in which event such trust is terminated and the principal of such trust falls into the remaining one-half of the trust fund. If she does not marry within ten years, then the trust as to her shall terminate and she is to take the trust fund absolutely.

The net income from the remaining one-half of the residuary estate is to be held in trust by the executors for the benefit of three grandnieces and one grandnephew, " until they respectively arrive at the age of twenty-one years, when one-fourth of the principal of said trust fund, together with one-fourth of the accumulations thereon shall be paid over to each as she or he arrives at the age of twenty-one years." And in the event that any of such grand-

nieces or grandnephew shall not reach the age of twenty-one years, the testatrix gives the principal of the trust fund to such of the grandnieces or grandnephew as shall arrive at the age of twenty-one.

The testatrix then appoints the plaintiffs to be executors and trustees of the will, and directs them to sell and convey the real property either at public or private sale, at such times and on such terms as they may deem for the best interests of the estate.

The defendant refuses to accept the title offered, on the ground that the trust created for May Louise Markert is void because the power of alienation is suspended for a period measured by years and not upon lives, and on the further ground that the trust created for the benefit of the three grandnieces and the grandnephew is void, as being an unlawful suspension of the power of alienation for more than two lives.

I think the trust created for May Louise Markert, which is limited to ten years unless she marries within that period, would probably be held void, as unlawfully suspending the power of alienation for more than two lives. But I think the further trust for the grandnieces and grandnephew is valid. The mere fact that the will directs the executors and trustees to set up two trusts of one-half of the residuary estate each, one in favor of May Louise Markert and the other for the grandnieces and grandnephew, does not render the second trust invalid, where, by a reasonable construction of the language of the will, it appears that the second trust in fact is divided into four separate trusts, each for the benefit of a grandniece or grandnephew. This is, in my opinion, quite clear from the fact that the principal of each trust fund is released from the trust provisions upon the particular grandniece or grandnephew attaining the age of twenty-one years. (*Matter of Colegrove,* 221 N. Y. 455.)

Assuming, therefore, that the trust for May Louise Markert is invalid, it does not follow that the power of sale contained in the will in the executors necessarily fails.

In *Lindo* v. *Murray* (91 Hun, 335; affd., 157 N. Y. 697) it was held that where a will contained an absolute power of sale authorizing the executors to sell the real estate at such time and in such manner, etc., as they should consider for the best interest of the estate, and there was no connection between the power of sale and certain trusts declared to be void, the power of sale was valid. I think this rule applies to the case at bar. The power of sale is in no way limited for the particular purposes of the void trust for the benefit of May Louise Markert. It is essential that the executors should exercise this power in order to carry out the valid provisions of the will, and the contract for sale, made by the

executors with the defendant, may, therefore, be enforced and the executors are able to convey a marketable title.

Judgment should, therefore, be directed for plaintiffs pursuant to the submission, requiring defendant to specifically perform the agreement for the sale to him of the property in question, with costs.

KELLY, P. J., MANNING, KAPPER and LAZANSKY, JJ., concur.

· Judgment directed for plaintiffs pursuant to the submission, requiring defendant to specifically perform the agreement for the sale to him of the property in question, with costs. Settle order on notice.