# THE

# MISCELLANEOUS REPORTS

OF THE

## STATE OF NEW YORK

COMMENCING MARCH 8, 1927.

---

In the Matter of the Judicial Settlement of the Final Account of Proceedings of ERNEST C. CHASE, Executor of DE WITT O. CHASE, Deceased.

Surrogate's Court, Westchester County, March 8, 1927.

Wills — construction — power of sale — will gave residue of property to brothers and sisters with direction that it be divided into as many shares as there may be brothers or sisters living, or deceased brothers and sisters leaving issue — executor, by implication, under circumstances, has power of sale over real property.

A will which gives the residue of testator's property to his brothers and sisters to be equally divided into as many shares as there may be brothers and sisters living, or deceased brothers and sisters leaving issue, though no power of sale is expressed therein, must be construed as evidencing an intention upon the part of the testator to break the estate into parts and give equal shares to his surviving brothers and sisters, and the executor will be deemed to have a power of sale over the real property by implication for the purpose of dividing the estate.

ACCOUNTING proceeding involving construction of will.

*Edgar L. Ryder* [*Charles Wesley* of counsel], for the petitioner.

SLATER, S.    In this accounting proceeding construction is sought to ascertain the court's views regarding whether or not an implied power of sale can be read into the will.    The estate consists of personal property and real estate, valued at $25,000; the real estate being worth $6,000.    There is no power of sale expressed in the will.    The 3d paragraph of the will creates a trust of $6,000 for the benefit of a cousin of the testator's deceased wife; and then all the rest, residue and remainder of the property, both real and personal, was devised and bequeathed to brothers and sisters.    The testator says:

" I direct that said residue shall be equally divided into as many portions or shares as there may be brothers and sisters of mine living or deceased brothers and sisters leaving issue.

" One of the said shares or portions of my said estate shall be set off to each of the following named brothers and sisters, viz: Ernest C. Chase, Howard J. Chase, Alfred R. Chase, Edith M. Barton, and Elizabeth C. Boyce, or to the lawful issue of any such brothers and sisters that shall be dead at such time, such issue to have the share or portion that their parents would have been entitled to if living.

" The other of said shares so set off as aforesaid, I will and direct that my executor and trustee hereinafter named shall invest the principal thereof and shall pay the net income therefrom to my sister, Eliza H. Titus, during the term of her natural life, and at the death of my said sister, Eliza H. Titus, I give and bequeath the said principal sum so invested for Eliza H. Titus to her children to be paid to them, share and share alike, upon their attaining the age of twenty-one years."

Has the executor the power to sell the real estate? The testator clearly intended to break the estate into parts and he gave an equal share to his surviving brothers and sisters. One of said shares is held in trust for a sister, Eliza H. Titus, with remainder to her children. No power of sale is expressly conferred upon the executors, but, from the facts and circumstances of the estate and the division directed to be made, the possession of such power will be implied. (*Mee* v. *Gordon*, 187 N. Y. 400; *Cahill* v. *Russell*, 140 id. 402; *Matter of Gorges*, 120 Misc. 171; *Matter of Smith*, 128 id. 96.)

I shall hold that for the purpose of dividing the estate the executor has a power of sale over the real property.