OTTO A. QUIST, Appellant, v. ELIZA GWINUP et al., Respondents.

Third Department, December 28, 1943.

*Leonard B. McFarran,* attorney (*John H. Barker* of counsel), for appellant.

*Walter A. Chambers,* attorney (*Willard A. White* and *Walter A. Chambers* of counsel), for respondents.

CRAPSER, J. The action was brought under a tax deed which the treasurer of Warren County executed and delivered to the plaintiff, the purchaser at a public tax sale for the unpaid taxes of 1937. The last day of the sale was October 31, 1938, more than three years prior to the commencement of this action. The deed was dated November 1, 1939, and was recorded in the Warren County Clerk's office on June 12, 1940.

No answer or appearance of any kind was made by any of the defendants except the minor John Gwinup, who answered by his guardian *ad litem* and attorney, John S. Woodward, the answer being the usual general answer stating that he was a stranger to the allegations set forth in the complaint and submitting his interests to the protection of the court.

By stipulation between the minor defendant's and plaintiff's attorneys a jury trial was waived and the matter came on for a hearing before the court at the Supreme Court chambers in the city of Glens Falls on the 31st of October, 1942, when an inquest was taken and the plaintiff was granted judgment entitling him to immediate possession of the premises. No appearance was made at the inquest except by the minor, John, who appeared by his guardian *ad litem* and who stated for the record that he had examined the matter and was convinced that his ward was neither a necessary nor an interested party to the action.

The plaintiff purchased the property at the October, 1938, tax sale and has paid all taxes ever since, which amounted to about $500.

The court made among others the following findings of fact:

" 3. That on November 28, 1939, planitiff caused such a notice as is required by Section 134 of the Tax Law, as amended,

to be served, pursuant to the provisions of said Act, on Eliza Gwinup, John Gwinup and Richard Gwinup, the defendants herein, and also caused proof of such service to be filed in the Warren County Treasurer's office on December 8, 1939, as shown by said County Treasurer's certificate dated June 12, 1940.

" 4. That the said tax-sale deed was recorded in Warren County Clerk's office more than two years prior to the commencement of this action.

" 5. That the October, 1938, tax sale, at which said premises were sold to said plaintiff, as above set forth, was held more than three years prior to the commencement of this action."

The motion papers contain an affidavit of Eliza Gwinup to the effect that she is fifty-three years of age, that she has no personal recollection as to when the summons and complaint in the action was served upon her, that she is the mother of three children, that they purchased the property in question in 1924 and that her husband was killed in an automobile accident in 1936, that sometime in 1937, deponent paid a tax on the property to the Warren County Treasurer and that she supposed that she had paid all her taxes for the year 1937. She took no newspaper and she went to see a lawyer in Albany — she does not state his name — and took his advice about it, that she was not in very good health and did not understand the nature of any papers that were served upon her, that the first time she knew that an action had been taken against her was when the sheriff came to her house. She attaches to her affidavit as Schedule B a copy of an affidavit of William Wood, verified on November 30, 1939, and filed in the Warren County treasurer's office on December 8, 1939.

The defendants do not deny that the notice was actually served upon them but they object to the proof of service. The proof is defective in that the manner of service is not shown, a description of the premises being inserted in place thereof. Later on an affidavit was prepared by the person making the service, William Wood, correcting the error, which was verified on June 19, 1942, by William Wood.

On February 27, 1943, the defendants made a tender to the County Treasurer of $639.08 for the redemption of the property in this action and the tender is now maintained in the hands of the defendants' attorney.

The defective proof of notice under section 134 of the Tax Law is not of importance in this action. The last day of the tax sale was more than three years prior to the commencement

of this action and section 137 of the Tax Law applies. (*Mabie* v. *Fuller,* 255 N. Y. 194, 201; *Callahan* v. *Underwood,* 260 App. Div. 352, affd. 285 N. Y. 620.) In their moving papers defendants did not specify a single claimed jurisdictional defect prior to and including the October, 1938, tax sale to warrant the opening of the default.

This was a default case with no issue of facts raised. The notice of the application for the appointment of a guardian *ad litem* was for the Special Term to be held in the village of Canton on September 14, 1942, at 10 A. M. or as soon thereafter as counsel could be heard. The court did not convene until 1:30 P. M., there was no appearance and at most it was a mere irregularity that could have deceived nobody. There was only one Canton in the Judicial District where the motion was made.

As part of the moving papers the affidavit of Dr. Floyd Palmer, a licensed physician and surgeon, was offered. He said he had known Eliza Gwinup and that she had been suffering from a goiter and had been undergoing a change of life for several years. She had suffered severe mental shock due to tragedies in her life and all these things had impaired her physically and had caused a mental shock at least temporarily, and for some years past had impaired her mental processes so that in his judgment this mental condition would not allow her to comprehend and appreciate the nature of legal papers that might be served upon her.

Opposing affidavits to the motion were made, one by Howard A. Glassbrook, County Judge of Warren County, who practices his profession at Glens Falls. In the summer of 1940 he was consulted by the plaintiff respecting the premises involved in this action and that on August 5, 1940, and on August 29, 1940, he wrote two letters to the defendant Eliza Gwinup in which he notified her that he had been consulted by the plaintiff who had bid in her property on which she lived and notifying her that he had a deed to it and that something must be done. He received no reply to either letter.

This action was not commenced until 1942 so that two years before the beginning of this action by the opposing affidavits on the motion to open the default Eliza Gwinup had letters from an attorney informing her that her property had been sold for taxes and had been purchased by the plaintiff and yet she did nothing until the present action had resulted in a judgment and execution.

228

There is nothing shown by the moving papers as to the physical or mental ill health sufficient for the opening of the default. (*Livingston* v. *Livingston*, 56 App. Div. 484, 487.) The order appealed from should be reversed, with costs.

The order appealed from is reversed on the law to the extent that it grants defendants' motion to open the default, vacate and set aside the judgment and for a retrial, without costs. The judgment is reinstated and the order staying the execution vacated.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur; BLISS, J., dissents.

Order reversed on the law to the extent that it grants defendants' motion to open the default, vacate and set aside the judgment and for a retrial, without costs. The judgment is reinstated and the order staying the execution vacated.